**RUSSELL v. MERCHANTS & MINERS TRANSP. CO.**

District Court, E. D. Virginia, Norfolk Division.
Jan. 25, 1937.

350

Jordon A. Pugh, III., of Norfolk, Va., for libelant.

Hughes, Little & Seawell, of Norfolk, Va., for respondent.

WAY, District Judge.

As indicated to counsel at the close of argument at the trial, I think it is clear that there can be no recovery by libelant based upon the alleged negligent failure of the respondent through the officers and crew of the Merrimac to rescue libelant's decedent after he was overboard. I think the evidence signally fails to show that there was any opportunity to assist him in that respect. However, even if we assume that an adequate opportunity was presented to throw him a life line or preservers, it is nevertheless clear that due to his mental confusion there would have been no response on his part which was absolutely essential to rescuing him from the sea. The rather meager testimony on that phase of the case indicates that he sank almost immediately after striking the water without any struggle or any appeal for help. .

This brings us back to the first ground of negligence charged in the libel, viz., in substance, the alleged failure of the officers and crew to care for and properly nurse a seaman who was seriously ill (whether temporarily or not does not appear) and who was mentally and physically incapable of caring for or protecting himself against the imminent danger of falling overboard and drowning. The testimony shows that deceased was found on the pantry floor, suffering from an epileptic fit or other seizure which had rendered him unconscious. He was then taken on deck to get fresh air, and although he regained to an extent the power to stand and walk, the testimony shows with unmistakable certainty that he never regained consciousness except to a very limited extent before he fell or stepped overboard and that he was manifestly unable to care for himself and unfit to be left to his fate. While there is merit in respondent's contention that the steward and the seamen present were not medical experts and did not know how to treat the illness with which Russell was afflicted, the court would hesitate to hold that any of them was so ignorant and inexperienced as not to be able to appreciate the necessity of restraining and guarding a man in his condition until he regained mental composure and the ability to care for himself. Allowing him to break away from them and go aft unassisted and unprotected under the circumstances was clearly negligent failure to care for and nurse an ill seaman and the sole proximate cause of his drowning.

The court will enter an appropriate decree in favor of libelant after hearing counsel upon the amount of the recovery to which libelant is entitled.